848 A.2d 861 (2004)
369 N.J. Super. 291
STATE of New Jersey, Plaintiff/Respondent-Appellant,
v.
P.L., Defendant/Petitioner-Respondent. In the Matter of the Application of P.L. for Expungement.
Superior Court of New Jersey, Appellate Division.
Submitted May 5, 2004.
Decided May 20, 2004.
Bruce J. Kaplan, Middlesex County Prosecutor, attorney for appellant (Simon Louis Rosenbach, Assistant Prosecutor, of counsel and on the brief).
A. Kenneth Weiner, East Brunswick, attorney for respondent.
Before Judges KESTIN, AXELRAD and LARIO.
The opinion of the court was delivered by LARIO, J.A.D.
On February 1, 1993, P.L. pled guilty to third-degree possession with intent to distribute marijuana in a quantity of one ounce or more (345 grams or 12.16 ounces), contrary to N.J.S.A. 2C:35-5a(1) and 5b(11). On April 2, 1993, in accordance with his plea agreement, P.L. was sentenced to a probationary term of three years, with the imposition of a $1000 fine, $50 laboratory fee, $50 violent crime penalty, and a driver's license suspension of six months. On June 30, 2003, P.L. petitioned for the expungement of his arrest and conviction for this offense, pursuant to N.J.S.A. 2C:52-1 to -32, to which the State objected.[1] The Law Division Judge concluded that expungement could be granted where the offense was possession with intent to distribute, as opposed to an actual or intended sale of a controlled dangerous substance ("CDS"), and that N.J.S.A. 2C:52-2c did not preclude this determination.
The State appeals, raising this issue:
OUR LEGISLATURE DID NOT INTEND TO PERMIT THE EXPUNGEMENT OF CONVICTIONS FOR THE POSSESSION OF DRUGS WITH THE INTENT TO DISTRIBUTE WHEN *862 THE METHOD OF DISTRIBUTION WAS OTHER THAN A SALE.
We affirm.
The State does not dispute that P.L.'s arrest and conviction for possession with intent to distribute CDS would qualify for expungement if N.J.S.A. 2C:52-2c did not apply. That statute, in pertinent part, provides: "In the case of conviction for the sale or distribution of a controlled dangerous substance or possession thereof with intent to sell, expungement shall be denied...."[2] This statute clearly does not contain, within its preclusive terms, a conviction for the intent to distribute CDS. Thus, the literal terms of N.J.S.A. 2C:52-2c bar expungement only if the conviction embraced the actual sale or distribution of CDS, or the intent to sell CDS.
We find that the language in N.J.S.A. 2C:52-2c is clear and unambiguous. Accordingly, it is unnecessary for us to look beyond the statute's literal terms in order to ascertain its meaning. See State v. Thomas, 166 N.J. 560, 567, 767 A.2d 459 (2001) ("If the statute is clear and unambiguous on its face and admits of only one interpretation, we need delve no deeper than the act's literal terms to divine the Legislature's intent." (citation omitted)). Unlike N.J.S.A. 2C:35-5a(1) which determines it a crime "[t]o manufacture, distribute or dispense, or to possess or have under [a person's] control with intent to manufacture, distribute or dispense" CDS, the expungement exception of N.J.S.A. 2C:52-2c clearly refers to "intent to sell" and not to the "intent to distribute" CDS. The words "sell" and "distribute" are not synonymous; the word "distribute" is defined more broadly. The statute defines "distribute" to mean "to deliver" and "deliver" "means the actual, constructive, or attempted transfer from one person to another of a controlled dangerous substance." N.J.S.A. 2C:35-2. Thus, a person need not intend to sell CDS in order to be convicted of possession with the intent to distribute CDS; it is sufficient, for example, that a person intend to give CDS to another as a gift. See State v. Heitzman, 209 N.J.Super. 617, 621, 508 A.2d 1161 (App.Div.1986), aff'd, 107 N.J. 603, 527 A.2d 439 (1987). This dichotomy has remained without change since 1979 although the Legislature amended N.J.S.A. 2C:52-2 in 1989, 1993, and 1994.
The Law Division Judge properly applied the principles of statutory construction in his determination of P.L.'s expungement, holding that it was not precluded by the plain language of N.J.S.A. 2C:52-2c. We do not find this interpretation to be repugnant to the expressed purpose of expungement, which is to grant relief to a reformed, one-time offender. N.J.S.A. 2C:52-32. Despite the State's claim that this literal interpretation will hinder the plea-bargaining process, with which we do not necessarily agree, we cannot alter the plain meaning of N.J.S.A. 2C:52-2c. See Rollins Leasing Corp. v. Dir., Div. of Taxation, 279 N.J.Super. 540, 551, 653 A.2d 1131 (App.Div.1994) ("[A] court's function is not to rewrite legislation, and it should not attempt to do so simply because the legislation does not comport with the court's idea of how the statute should read."). It is the court's duty to interpret a statute as written, not to legislate. Casey v. Brennan, 344 N.J.Super. 83, 125, 780 A.2d 553 (App. Div.2001), aff'd, 173 N.J. 177, 801 A.2d 245 (2002). If the plain meaning of the statute's operative words is at odds with the legislative intent behind their creation, *863 then it is the Legislature that must fashion an appropriate correction.
Affirmed.
NOTES
[1] P.L. also petitioned for the expungement of two earlier arrests on charges of which he was acquitted. The State did not object to the expungement of these arrests.
[2] The statutory exceptions are not relevant to the facts of this case.