929 A.2d 602

IN THE MATTER OF EXPUNGEMENT APPLICATION OF G.R.

Superior Court of New Jersey
Appellate Division

Argued April 18, 2007—Decided August 3, 2007.

Before Judges STERN, A.A. RODRÍGUEZ and COLLESTER.

*Howard G. Golden* argued the cause for appellant.

*Tara Yodice,* Assistant Prosecutor, argued the cause for respondent (*Theodore J. Romankow,* Union County Prosecutor, attorney; *Steven Kaflowitz,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

A.A. RODRÍGUEZ, P.J.A.D.

In 1992, appellant G.R. pled guilty to first degree possession of 204.34 grams of cocaine, a controlled dangerous substance (CDS) with intent to distribute, *N.J.S.A.* 2C:35–5a(1) and–5b(1). The judge sentenced G.R. as a second degree offender and imposed a seven-year term with an eighteen-month parole disqualifier. Subsequently, G.R.'s sentence was reconsidered and the judge resentenced him to a five-year probationary term, with a condition that he serve 180 days of in-house detention through the Union County's Wristlet Program. G.R. successfully completed this sentence and was eventually discharged from probation. He has not been arrested for or charged with any offense since then.

More than ten years after the conviction, G.R. filed a petition for expungement of criminal records pursuant to *N.J.S.A.* 2C:52–1 to–32. In response to the petition, the County Prosecutor brought to the judge's attention the circumstances surrounding G.R.'s arrest.

At the hearing, Judge Scott J. Moynihan noted that G.R. "is, certainly, a prime candidate for an expungement." However, the judge found a statutory bar by virtue of *N.J.S.A.* 2C:52–2c. That section provides:

> c. In the case of conviction for the sale or distribution of a controlled dangerous substance or *possession thereof with intent to sell,* expungement shall be denied except where the crimes relate to:
>
> (1) Marijuana, where the total quantity sold, distributed or possessed with intent to sell was 25 grams or less, or
>
> (2) Hashish, where the total quantity sold, distributed or possessed with intent to sell was five grams or less.
>
> [*Ibid.* (emphasis added).]

The judge made the following findings:

> And in this particular case or matter I think there is abundant proof that this is a possession with intent to sell ... case. The Grand Jury transcripts in this particular matter, from February 5, 1992, where [the Assistant Prosecutor] presented the case to the Grand Jury, shows the thorough job he did, that Officer Gallagher testified that he had planned to meet with [G.R.], he had planned to meet with him to buy a large quantity of cocaine. [G.R.] presented himself as a kilo dealer to the officer, and the discussion between [G.R.] and Gallagher clearly involved a substantial quantity of high quality cocaine.

> At first, [G.R.] was going to sell Officer Gallagher an eighth, a big eighth, as it was called back then, which is about four and a half ounces of cocaine, indicating it was on his person and ready to sell. Gallagher didn't purchase that day, told [G.R.] that he wanted more weight and arranged a meeting in Westfield. [G.R.] brought the cocaine, which was, allegedly, good quality and quantity, and he was arrested at the scene....
>
> The laboratory analysis showed that it was 204.34 grams, and the Uniform Defendant Intake form shows that in the defendant's version he was, allegedly, quoted as saying, on October 1, 1991, "I was in the parking lot of the Greek Orthodox Church, in Westfield. I had in my possession 204 grams of cocaine and I was going to sell it to the undercover officer." All of that evidence clearly shows that this is a possession with intent to sell case....

Therefore, the judge denied the petition with prejudice, relying upon *In re L.B.*, 369 *N.J.Super.* 354, 360, 848 *A.*2d 899 (Law Div.2004) (finding "for the statutory bar for expungements to have meaning, it must apply at least to any conviction for possession with intent to distribute where the facts show that the intent was to sell the drugs....").

 This appeal follows. We begin our analysis by setting forth the governing principles. A petitioner has the burden to satisfy the requirements of the expungement statute. *L.B., supra,* 369 *N.J.Super.* at 363, 848 *A.*2d 899. Where the petitioner meets the burden, the State has the burden of demonstrating by a preponderance of the evidence that there is a statutory bar or that the petition should not be granted. *Ibid.*; *State v. XYZ Corp.*, 119 *N.J.* 416, 575 *A.*2d 423 (1990). The petitioner is presumptively entitled to expungement if the State does not meet its burden. *In re J.N.G.*, 244 *N.J.Super.* 605, 610, 583 *A.*2d 364 (App.Div.1990).

 On appeal, G.R. contends that the judge "erroneously denied [his] application for expungement of criminal records." He argues, relying on *State v. P.L.*, 369 *N.J.Super.* 291, 848 *A.*2d 861 (App.Div.2004), that he is not barred from seeking expungement because he was convicted of the crime of possession of cocaine with intent to distribute and not "possession with intent to sell." We reject G.R.'s argument that the judge cannot go beyond the language of the judgment of conviction to determine whether he possessed the cocaine with intent to sell.

In *P.L.*, another panel of the Appellate Division was confronted with a similar scenario. In that case, however, the judge had granted the expungement petition and the State appealed. *Id.* at 292–93, 848 *A.*2d 861. In that opinion, the underlying facts were not developed. Thus, it is unclear whether the petitioner in *P.L.* had the intent to sell or to dispense without a sale. It is also unclear whether the State was arguing that any conviction pursuant to *N.J.S.A.* 2C:35-5 was barred, even where there was no proof of intent to sell. The appellate panel noted that:

> The words "sell" and "distribute" are not synonymous; the word "distribute" is defined more broadly. The statute defines "distribute" to mean "to deliver" and "deliver" "means the actual, constructive, or attempted transfer from one person to another of a controlled dangerous substance." *N.J.S.A.* 2C:35-2. Thus, a person need not intend to sell CDS in order to be convicted of possession with the intent to distribute CDS; it is sufficient, for example, that a person intend to give CDS to another as a gift. *See State v. Heitzman,* 209 *N.J.Super.* 617, 621, 508 *A.*2d 1161 (App.Div.1986), *aff'd,* 107 *N.J.* 603, 527 *A.*2d 439 (1987).
>
> [*P.L., supra,* 369 *N.J.Super.* at 294, 848 *A.*2d 861.]

The panel affirmed the granting of the petition, holding that:

> the language in *N.J.S.A.* 2C:52-2c is clear and unambiguous. Accordingly, it is unnecessary for us to look beyond the statute's literal terms in order to ascertain its meaning,
>
> [*Id.* at 293, 848 *A.*2d 861 (citing *State v. Thomas,* 166 *N.J.* 560, 767 *A.*2d 459 (2001)).]

We agree with *P.L.'s* holding that the language of *N.J.S.A.* 2C:52-2c is "clear and unambiguous" and that it does not, on its face, bar the expungement of criminal records in the case of a conviction for possession of a CDS with intent to dispense or distribute. *Ibid.* We also agree that "a court need not look beyond the statute's literal term in order to ascertain its meaning." *Ibid.* However, the issue here is not the construction of that section of the Criminal Code, but its application to the facts underlying G.R.'s conviction.

In applying the statutory bar to this petition, we conclude that by enacting *N.J.S.A.* 2C:35-5a(1), the Legislature criminalized the knowing or purposeful possession of a CDS "with intent to manufacture, distribute or dispense" to another. The statute does not draw a distinction between distributing or dispensing to another in

exchange for money and a gratuitous transfer of the narcotics. Either conduct constitutes the crime as defined by *N.J.S.A.* 2C:35–5a(1). For that reason, historically, judgments of conviction, and ancillary documents such as jury verdict sheets and plea forms have not sought to distinguish between sales and gifts of CDS to another. It makes no difference. However, for purpose of expungement, it does make a difference. A sale of CDS is a bar to expungement; but a transfer for no consideration is not. Therefore, we clarify that the facts must be examined to determine if the underlying possession of the CDS was with intent to sell, as opposed to dispense or distribute without a sale. A judgment of conviction for possession of a CDS "with intent to dispense or distribute" contrary to *N.J.S.A.* 2C:35–5a(1) and–5b(1), by itself is not conclusive of intent to sell or intent to dispose or distribute for no consideration. The description of the offense in the judgment of conviction does not aid the judge in deciding whether the statutory bar applies in a given situation. To the extent that *P.L.* makes such a suggestion, we disagree with that opinion.

We agree with the Law Division judge's observation in *In re L.B., supra,* 369 *N.J.Super.* at 360, 848 *A.*2d 899 that:

> Although the expungement statute refers to the crime of possession with intent to sell, there is no separate provision under the Criminal Code for an offense by that designation. The crime is possession with intent to distribute. Consequently, for the statutory bar for expungement to have meaning, it must apply at least to any conviction for possession with intent to distribute where the facts show that the intent was to sell the drugs, rather than to share them or distribute without selling them.

Therefore, in order to give meaning to the Legislature's intent in enacting *N.J.S.A.* 2C:35–5a, we hold that for purposes of considering whether or not to grant an expungement petition, the judge must look to the facts surrounding the conviction. If on the other hand, the judge finds that these facts bespeak that the petitioner possessed CDS with the intent to sell, the petition must be denied because it is barred by the section. If the judge finds that the

petitioner possessed the CDS with the intent of distribution without sale, the petition is not barred.[1]

The order denying the expungement petition is affirmed.

---

[1] We recognize that it may be difficult to ascertain the facts surrounding a conviction more than ten years after a trial is concluded or a plea is taken. Witnesses, transcripts, police reports, or similar discovery may no longer be available. We recommend that, whenever a first offender (a potential expungement petitioner ten years hence) is convicted of possession of CDS with intent to dispense or distribute the judgment of conviction should indicate after the description of the offense whether the distribution involved a sale or not.