OSTRER, J.A.D.
*394 In these consolidated appeals, we must decide whether Drug Court graduates seeking expungement of their criminal records pursuant to N.J.S.A. 2C:35-14(m) -the "Drug Court expungement statute"-must make a "public interest" showing as N.J.S.A. 2C:52-2(c)(3) requires for the expungement of certain third- and fourth-degree drug offenses. Having considered the plain language of the Drug Court expungement statute, and its legislative history, we conclude that N.J.S.A. 2C:35-14(m)(2) clearly imports the public interest requirement under N.J.S.A. 2C:52-2(c)(3). We therefore vacate orders expunging the criminal records of T.B., J.N.-T. and R.C., *85 and remand for appropriate application of the public interest test.
I.
As these appeals require us to consider the interplay between N.J.S.A. 2C:35-14(m) and N.J.S.A. 2C:52-2(c)(3), we review those key statutory provisions before considering the parties' arguments. Effective April 18, 2016, L. 2015, c. 261, § 10, the Drug Court expungement statute generally provides for the expungement *395 of an offender's entire prior criminal record-"all records and information relating to all prior arrests, detentions, convictions, and proceedings for any offense enumerated in Title 2C"-after successfully completing, or graduating from, Drug Court probation without any intervening convictions. L. 2015, c. 261, § 1, codified as N.J.S.A. 2C:35-14(m)(1). The law applies to persons sentenced pursuant to N.J.S.A. 2C:35-14.2 and N.J.S.A. 2C:45-1. Ibid.
The statute initially speaks permissively, stating, "The Superior Court may order the expungement ... upon successful discharge from a term of special probation" if the person satisfies two conditions: first, "the person satisfactorily completed a substance abuse treatment program as ordered," and second, the person "was not convicted of any crime, or adjudged a disorderly person or petty disorderly person, during the term of special probation." Ibid. (emphasis added). Yet, the statute then speaks mandatorily: "The court shall grant the relief requested," unless the court finds one of two grounds for denial. Ibid. (emphasis added). The first ground arises if "the need for the availability of the records outweighs the desirability of having the person freed from any disabilities associated with their availability[.]"[1] Ibid. The second ground exists if "the person is otherwise ineligible for expungement pursuant to paragraph (2)" of N.J.S.A. 2C:35-14(m). Ibid.
Paragraph 2 in turn provides, "[a] person shall not be eligible for [a Drug Court] expungement ... if the [offender's] records include a conviction for any offense barred from expungement pursuant to subsection b. or c. of N.J.S. [A.] 2C:52-2." N.J.S.A. 2C:35-14(m)(2). Subsection (b) identifies several crimes that absolutely bar a person from regular expungement under N.J.S.A. 2C:52-2 and, therefore, from any Drug Court expungement under N.J.S.A. 2C:35-14(m). N.J.S.A. 2C:52-2(b). These include, for example, kidnapping, murder, manslaughter, and various sexual offenses. Ibid.
*396 The focus of this appeal is subsection (c), which addresses crimes involving the sale, distribution, or possession with intent to sell a controlled dangerous substance (CDS). N.J.S.A. 2C:52-2(c). Some crimes are absolutely barred from expungement if they are first- and second-degree offenses, while crimes involving roughly fourth-degree quantities of marijuana or hashish are not barred at all. Compare N.J.S.A. 2C:35-5(b)(12), with N.J.S.A. 2C:52-2(c)(1) and (2). However, some crimes-third- and other fourth-degree offenses-are barred unless the court finds expungement serves the public interest. N.J.S.A. 2C:52-2(c)(3). Subsection (c) states:
In the case of conviction for the sale or distribution of a controlled dangerous substance or possession thereof with intent to sell, expungement shall be denied except where the crimes involve:
(1) Marijuana, where the total quantity sold, distributed or possessed with intent to sell was 25 grams or less;
*86 (2) Hashish, where the total quantity sold, distributed or possessed with intent to sell was five grams or less; or
(3) Any controlled dangerous substance provided that the conviction is of the third or fourth degree, where the court finds that expungement is consistent with the public interest, giving due consideration to the nature of the offense and the petitioner's character and conduct since conviction.
[ N.J.S.A. 2C:52-2(c).[2] ]
The Drug Court expungement statute also requires the prosecutor "to notify the court of any disqualifying convictions or any *397 other factors related to public safety" that the court should consider. N.J.S.A. 2C:35-14(m)(2). If a person who secures a Drug Court expungement thereafter commits a crime, "the full record of arrests and convictions may be restored to public access and no future expungement shall be granted to such person." N.J.S.A. 2C:35-14(m)(4).
A person who graduates from Drug Court after the effective date need not file a formal petition for expungement as required by N.J.S.A. 2C:52-7 to -14. See N.J.S.A. 2C:35-14(m)(1) (stating that the "provisions of N.J.S.[A.] 2C:52-7 through N.J.S.[A.] 2C:52-14 shall not apply"). It is sufficient simply to convey the request to the Drug Court judge prior to graduation; submission of a form of order suffices. See Administrative Directive #02-16 (May 23, 2016), available at https://www.judiciary.state.nj.us/notices/2016/n160526a.pdf. However, a person who graduated before the effective date of L. 2015, c. 261, and seeks the relief provided by the statute must file "a duly verified petition as provided in N.J.S.[A.] 2C:52-7 for each crime or offense sought to be expunged." N.J.S.A. 2C:35-14(m)(5). This petition "shall proceed pursuant to N.J.S.[A.] 2C:52-1 et seq. except that the requirements related to the expiration of the time periods specified in N.J.S.[A.] 2C:52-2 through" N.J.S.A. 2C:52-4.1 are inapplicable. Ibid.
II.
The State contends that since convictions for third- and fourth-degree drug offenses bar expungement under *398 N.J.S.A. 2C:52-2(c)(3), absent a court finding that expungement serves the public interest, it follows that such convictions bar a Drug *87 Court expungement without an identical public interest finding. The applicants[3] contend, since such convictions are not an absolute bar to expungement under N.J.S.A. 2C:52-2(c), a public interest finding is not required for a Drug Court expungement.
The trial court adopted the applicants' interpretation. The court had before it requests for expungement from three Drug Court graduates. All three entered Drug Court in 2011 after pleading guilty to third-degree crimes.[4] T.B. was convicted of possessing CDS, N.J.S.A. 2C:35-10(a)(1). R.C. was convicted of the same crime, as well as manufacturing, distributing or dispensing CDS, or possessing it with intent to do so, N.J.S.A. 2C:35-5(a)(1), -5(b)(3), and conspiracy, N.J.S.A. 2C:5-2. J.N.-T. was convicted of burglary, N.J.S.A. 2C:18-2. All three successfully completed Drug Court probation in May 2016.
The applicants then sought orders under N.J.S.A. 2C:35-14(m) expunging their entire criminal records, which included numerous prior convictions. T.B. and R.C. each had a third-degree conviction for manufacturing, distributing or dispensing CDS, or possession with intent to do so, N.J.S.A. 2C:35-5. T.B. had eleven convictions since 1990-seven in municipal court and four in Superior Court-including a violation of N.J.S.A. 2C:35-5(b)(3) in 1993. R.C. had three Superior Court convictions dating back to 1996, including a 2010 conviction under N.J.S.A. 2C:35-5(a)(1) and -5(b)(3). Thus, his most recent conviction was his second such offense. J.N.-T. had *399 a third-degree conviction, from 1995, for distributing, dispensing or possessing CDS with intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7.[5] He was also convicted of seven other indictable offenses, plus one disorderly persons offense in municipal court, and one in family court.
Over the State's objection, the trial court granted the three applications. In its written opinion, the court concluded that since N.J.S.A. 2C:52-2(c) did not categorically bar expungements of the specified third- and fourth-degree CDS offenses, it did not present a barrier to Drug Court expungements. The court found that the applicants satisfied the requisites of N.J.S.A. 2C:35-14(m)(1), and that the State failed to demonstrate by a preponderance of the evidence grounds to deny the requested relief. Nonetheless, the court found that it served the public interest to expunge the applicants' records:
The [applicants] have not been arrested in the last five years while on special probation. They have each completed substance abuse treatment programs. They are employed full-time and they have paid all fines and costs. They are current in their child support payments, and in the case of [J.N.-T.], paid $7,000 in child support arrearage. They are confirmed Drug Court graduates. Thus, they have satisfied their burden and meet all requirements to obtain the expungement of their criminal records.
*88 To the extent the State maintains that [applicants'] drug offenses are disqualifying convictions, the Court concludes that precluding [applicants] with drug offenses from "drug court expungement," absent other bases for rejection, is antithetical to the Drug Court mandate.
....
Given the nature of the [applicants'] criminal records, [applicants'] respective commitments to sobriety and the Drug Court program, the Court concludes that all requirements for Drug Court expungement have been met. As such, to advance the [applicants'] goals of becoming productive members of society, it is in the public interest to provide them with the means to rejoin the community without the burden of a criminal record.
*400 The court thereafter expunged the applicants' convictions, as well as prior arrests not followed by convictions. The State's appeals followed.
III.
We review de novo the trial court's interpretation of the statute. State v. Revie , 220 N.J. 126, 132, 104 A .3d 221 (2014). Our goal is to "determine and carry out the Legislature's intent" as expressed in the statutory language, and if that is ambiguous, then as illuminated by the legislative history and other extrinsic evidence. In re Kollman , 210 N.J. 557, 568, 46 A .3d 1247 (2012). We read a statute in its entirety, giving meaning to each provision, "to provide a harmonious whole." Bedford v. Riello , 195 N.J. 210, 224, 948 A. 2d 1272 (2008). We also presume the Legislature is aware of prior judicial interpretations of statutory language. Kollman , supra , 210 N.J. at 572, 46 A .3d 1247 (citing Coyle v. Bd. of Chosen Freeholders , 170 N.J. 260, 267, 787 A .2d 881 (2002) ). "If the plain language is clear, the court's task is complete." Id. at 568, 46 A. 3d 1247.
We are persuaded that a court may grant a Drug Court expungement of a record that includes a conviction for a third- and fourth-degree CDS offense, as described in N.J.S.A. 2C:52-2(c)(3), only if the applicant makes the public interest showing. "The general rule is that when a statute incorporates another by specifically referring to it by title or section number, only the precise terms of the incorporated statute as it then exists become part of the incorporating statute[.]" In re Commitment of Edward S. , 118 N.J. 118, 132, 570 A. 2d 917 (1990) ; see 2B Norman J. Singer, Sutherland Statutes and Statutory Construction § 51:8 at 315-16 (7th ed. 2008). By referring to "any offense barred from expungement pursuant to subsection b. or c. of N.J.S. [A.] 2C:52-2," N.J.S.A. 2C:35-14(m)(2), the Drug Court expungement statute expressly imports the offenses that bar expungement under N.J.S.A. 2C:52-2(b) and -2(c).
*401 Although Chapter 52 does not absolutely bar expungement of the identified third- and fourth-degree CDS offenses, the bar exists, but for two exceptions. The first exception covers offenses involving small quantities of marijuana and hashish. See N.J.S.A. 2C:52-2(c)(1) and (2). Of principal concern in this appeal, the second exception involves CDS convictions "of the third or fourth degree, where the court finds that expungement is consistent with the public interest, giving due consideration to the nature of the offense and the petitioner's character and conduct since conviction." N.J.S.A. 2C:52-2(c)(3).
Generally, exceptions are "strictly but reasonably construed" with any doubts "resolved in favor of the general provision." Prado v. State , 186 N.J. 413, 426, 895 A .2d 1154 (2006) (internal quotation marks and citations omitted); see also *89 2A Norman J. Singer, Sutherland Statutes and Statutory Construction § 47.11 at 331 (7th ed. 2007) ("Where a general provision in a statute has certain limited exceptions, all doubts should be resolved in favor of the general provision rather than the exceptions.").[6] Therefore, unless and until the exception is satisfied, the "conviction [is] for an[ ] offense barred from expungement pursuant to subsection b. or c. of N.J.S.[A.] 2C:52-2." N.J.S.A. 2C:35-14(m)(2).
We add that the public interest showing, based on the statute's plain language, pertains only to convictions described in N.J.S.A. 2C:52-2(c)(3). If the person meets the public interest test regarding an identified third- or fourth-degree conviction, then his or her records do not include a conviction "barred from expungement"
*402 under N.J.S.A. 2C:52-2(b) or -2(c). The court is not required to find that it serves the "public interest" to grant the expungement of other convictions, if the Drug Court graduate is otherwise eligible. The Legislature has made that judgment, although the court may still deny relief if "it finds that the need for the availability of the records outweighs the desirability of having the person freed from the disabilities associated with their availability." N.J.S.A. 2C:35-14(m)(1).
The legislative history does not expressly address the issue presented on appeal. However, the Legislature evinced no intent to weaken the barriers to expungement set forth in N.J.S.A. 2C:52-2(b) and -2(c). The Drug Court expungement statute was originally embodied in a free-standing bill that authorized "automatic expungement" of Drug Court graduates' criminal records. See Assembly Bill No. 471 , 216th Legislature (Jan. 16, 2014); see also Senate Bill No. 552 , 216th Legislature (Jan. 14, 2014).[7] The original bill was considerably narrower than the one enacted. It applied only to first-time criminal offenders, and only to the conviction leading to the Drug Court sentence. It compelled expungement, provided that, "[t]he conviction is for a crime not included in the list of crimes that may not be expunged as provided in subsections b. or c. of N.J.S.[A.] 2C:52-2 [.]" Assembly Bill No. 471 , supra , at § 1. The sponsor's statement explained that expungement was not available for "certain convictions for the sale or distribution of a controlled dangerous substance or possession thereof with intent to sell ...." Statement to Assembly Bill No. 471 at 14-15 (Jan. 16, 2014). It specifically stated, "the conviction cannot be for any of the crimes that are ineligible for expungement under subsections b. and c. of N.J.S.[A.] 2C:52-2." Id. at 14.
*403 The bill was amended and merged into a committee substitute with other bills that proposed various amendments to Chapter 52, mainly to reduce the waiting periods for expungements. See Assembly Committee Substitute for Assembly Bill Nos. 206, 471, 1663, 2879, 3060 and 3108 , 216th Legislature (Dec. 11, 2014) (Assembly *90 Committee Substitute ).[8] With respect to Drug Court graduates, the committee substitute substantially expanded the nature of relief offered by authorizing expungement of all prior arrests and convictions. See id. at § 1.
Rather than limiting expungement to convictions of "crime[s] not included in the list of crimes that may not be expunged" in N.J.S.A. 2C:52-2(b) or -2(c), see Assembly Bill 471 , supra , at § 1, the substitute referred to, as a disqualification, "a conviction for any offense barred from expungement" under N.J.S.A. 2C:52-2(b) or -2(c). Assembly Committee Substitute , supra , at § 1. We do not infer from this wording change any intent to narrow the disqualification, nor does the committee's statement suggest one, as it simply tracks the statutory language. See Assembly Judiciary Committee Statement to Assembly Committee Substitute at 1 (Dec. 11, 2014) ("The substitute provides that a person would not be eligible for expungement under this provision of law if the records include a conviction for any offense barred from expungement pursuant to subsection b. or c. of N.J.S.[A.] 2C:52-2.").
The substitute also proposed to abolish the dual pathways to expungement under Chapter 52-in which a person was presumptively entitled to expungement of an indictable offense after ten years, and eligible for expungement after as few as five years upon a public interest showing. See Kollman , supra , 210 N.J. at 569-72, 46 A. 3d 1247 (describing dual pathways). Instead, persons would be presumptively entitled to expungement after five years, *404 without a public interest showing. Assembly Committee Substitute , supra , at § 2; see also Assembly Judiciary Committee Statement to Assembly Committee Substitute , supra , at 2. The Governor ultimately conditionally vetoed the bill, proposing to strike the waiting period reduction for indictable offenses and restoring the dual pathways, which the Legislature then adopted. See Governor's Conditional Veto Message to A. 206, 471, 1663, 2879, 3060 and 3108 (Jan. 11, 2016). The Governor endorsed the public interest showing for expungements after five years under Chapter 52, while approving the relief authorized for Drug Court graduates. Ibid.
In sum, based on the plain language of the statute, and consistent with the legislative history, we conclude that a trial court may grant a Drug Court expungement to a person who has a third- or fourth-degree conviction for sale, distribution, or possession with intent to sell CDS (other than the specified marijuana and hashish-related crimes) only if "the court finds that expungement is consistent with the public interest, giving due consideration to the nature of the offense and the petitioner's character and conduct since conviction." N.J.S.A. 2C:52-2(c)(3).
IV.
We also agree with the State's contention that the trial court erred in determining that the State bore the burden of proof to establish, by a preponderance of the evidence, that expungement would be inconsistent with the public interest. The trial court determined that granting the three expungement petitions serves the public interest, notwithstanding its conclusion that N.J.S.A. 2C:52-2(c) did not apply to Drug Court expungements. The court concluded that the applicants met their burden to qualify for expungement *91 under N.J.S.A. 2C:35-14(m)(1), and the State "failed to show by a preponderance of the evidence that a ground exists to deny the petitions." *405 We review the court's decision for an abuse of discretion. See Kollman , supra , 210 N.J. at 577, 46 A. 3d 1247. In exercising that review, "we first determine whether the court correctly applied the law." In re LoBasso , 423 N.J.Super. 475, 496, 33 A. 3d 540 (App. Div. 2012). In particular, we examine whether the court applied impermissible factors, or failed to apply required ones. See Flagg v. Essex Cty. Prosecutor , 171 N.J. 561, 571, 796 A. 2d 182 (2002) (stating an abuse of discretion exists when, among other circumstances, a decision is "based upon a consideration of irrelevant or inappropriate factors" (internal quotation marks and citation omitted)).
The court erred in finding that N.J.S.A. 2C:52-2(c) does not apply. The court also imposed too great a burden on the State. The State must initially show that the applicants were convicted of a potentially disqualifying crime covered by N.J.S.A. 2C:52-2(c)(3). See N.J.S.A. 2C:35-14(m)(2) (stating "[i]t shall be the obligation of the prosecutor to notify the court of any disqualifying convictions"); cf. Kollman , supra , 210 N.J. at 570, 46 A. 3d 1247 (stating that the prosecutor bears burden of demonstrating a cause for denial after the petitioner establishes objective elements of N.J.S.A. 2C:52-2(a) ).[9] Then, consistent with Kollman , supra , the Drug Court graduates bear the burden to show they satisfy the public interest test. 210 N.J. at 572-73, 46 A. 3d 1247.
Although the court concluded it to be "in the public interest to provide [the applicants] with the means to rejoin the community without the burden of a criminal record," we decline to defer to that conclusion, because the court applied the wrong burden of proof, and the court did not make findings consistent with N.J.S.A. 2C:52-2(c)(3). A trial court must "giv[e] due consideration to the nature of the offense ...." N.J.S.A. 2C:52-2(c)(3).
*406 "The 'nature of the offense' encompasses undisputed or proven facts about the crime and its commission." Kollman , supra , 210 N.J. at 574, 46 A. 3d 1247. Judges may, in their discretion, consider "details about what the petitioner did, how and with whom he acted, and the harm he may have caused in connection with the offense of conviction." Id. at 574-75, 46 A. 3d 1247.
To assist the court in exercising its discretion that expungement is in the public interest, under N.J.S.A. 2C:52-2(a)(2) and -2(c)(3), a Drug Court expungement applicant is "direct[ed]" to include with their applications "all transcripts of plea and sentencing hearings, as well as a copy of the presentence report" for third- or fourth-degree offenses described in N.J.S.A. 2C:52-2(c)(3). Kollman , supra , 210 N.J. at 577, 46 A .3d 1247. We are unpersuaded by applicants' argument that this would be an insurmountable burden, or would defeat the goals of the statute. Inasmuch as the Legislature imported the public interest determination from Chapter 52, the Drug Court judge must have the same resources as are available to the Chapter 52 expungement court, to assist it in its task.
In assessing the applicant's "conduct and character," the court may also consider whether the applicant:
*92 has engaged in activities that have limited the risk of re-offending, or has avoided activities that enhanced that risk [including] whether a petitioner has obtained job training or education, complied with other legal obligations (such as child support and motor vehicle fines), and maintained family and community ties that promote law-abiding behavior, as well as whether the petitioner has severed relationships with persons in the criminal milieu.
[ Id. at 576, 46 A .3d 1247 (quoting LoBasso , supra , 423 N.J.Super. at 491-92, 33 A. 3d 540 ).]
The trial court addressed, to some extent, each applicant's "character and conduct" since conviction, noting their successful completion of Drug Court. However, just as a court may not reject a public interest finding based on "categorical or generic grounds," id. at 575, 46 A. 3d 1247, a court may not make a public interest finding solely on the basis that the applicant graduated from Drug Court. Implicit in the statute's incorporation of N.J.S.A. 2C:52-2(c)(3) is the requirement that the Drug Court graduate must *407 demonstrate something more. We note that the court acknowledged that the applicants completed substance abuse treatment, obtained stable employment, and paid fines and child support arrearages. However, the court did not disclose other aspects of the applicants' character and conduct while in Drug Court. See LoBasso , supra , 423 N.J.Super. at 492, 33 A .3d 540 (suggesting performance on probation may be relevant to a character and conduct finding). Nor did the court address each applicant's conduct since committing the offense that is subject to the public interest test.
We recognize that, as a result of the intensive supervision intrinsic to Drug Court, many Drug Court judges become familiar with the participants and may form a well-grounded opinion about their character and conduct. Nonetheless, the court is obliged to specify the basis for its conclusion to enable appellate review. See R. 1:7-4.
As the Court noted in Kollman , supra , "The focus ... is on the 'public interest,' which is broader than the personal desires of an applicant, although the concepts can often be intertwined." 210 N.J. at 577, 46 A. 3d 1247. Yet, as with the legislation that created the early pathway for expungement under Chapter 52, a critical goal of the Drug Court expungement statute is to "promote the successful reentry of ex-offenders into the community." See ibid. In general, successful reentry of Drug Court graduates serves the public interest by reducing drug-related crime and its attendant costs, and maximizing offenders' positive contribution to society.[10]
*408 In sum, we remand the three Drug Court expungement applications for reconsideration. Assuming the State can demonstrate that the applicant has a potentially disqualifying conviction under N.J.S.A. 2C:52-2(c)(3), the applicant shall bear the *93 burden to establish that expungement of that conviction would serve the public interest, as required by N.J.S.A. 2C:52-2(c)(3). The court shall make the appropriate finding consistent with the principles set forth above and in Kollman . We express no opinion on the appropriateness of the requested expungements in these three cases, and leave it to the trial court's sound exercise of discretion.
Vacated and remanded. We do not retain jurisdiction.

This is also a basis for denying regular expungement under Chapter 52. See N.J.S.A. 2C:52-14(b).

We note that the excluded CDS offenses are not congruent with the definitions of related CDS offenses in Chapter 35. For example, N.J.S.A. 2C:35-5(b)(12) makes it a fourth-degree crime to manufacture, distribute or dispense, or to possess with the intent to do so, less than one ounce of marijuana-which equals 28.3 grams-or less than five grams of hashish. However, N.J.S.A. 2C:52-2(c) imposes no bar to expungement for convictions involving the sale, distribution, or possession with intent to do so, marijuana of 25 grams or less, or hashish of five grams or less. Also, N.J.S.A. 2C:35-5 makes it unlawful "[t]o manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense" CDS. Yet, the bar to expungement in N.J.S.A. 2C:52-2(c) pertains only to convictions for "the sale or distribution of a [CDS] or possession thereof with intent to sell," without reference to convictions for manufacturing, dispensing, or possession with intent to distribute by means other than sales. Cf. N.J.S.A. 2C:35-2 (defining "dispense," "distribute," and "manufacture" for purposes of Chapter 35). In State v. P.L., 369 N.J.Super. 291, 294, 848 A.2d 861 (App. Div. 2004), the court held that N.J.S.A. 2C:52-2(c) did not bar expungement of a conviction for possession of marijuana with intent to distribute, as opposed to intent to sell. In In re G.R., 395 N.J.Super. 428, 432-33, 929 A. 2d 602 (App. Div.), certif. denied, 193 N.J. 275, 937 A. 2d 977 (2007), we concluded the court must consider whether the facts underlying a petitioner's conviction evince an intent to sell rather than merely to distribute without sale. The parties have not addressed any possible incongruities between their convictions and those described in N.J.S.A. 2C:52-2(c). Given our disposition, they may wish to do so on remand.

For convenience, we refer to each Drug Court graduate as an applicant, inasmuch as they were not required to file formal petitions. See N.J.S.A. 2C:35-14(m)(1).

The applicants' judgments of conviction and presentence reports are not before us. We rely upon the trial judge's description of the applicants' records, which refer only to the Code provision they violated. Thus, for example, it is unclear whether an applicant convicted of violating N.J.S.A. 2C:35-5(a) manufactured or distributed CDS, or whether he only possessed CDS with the intent to do so.

We note that a conviction of N.J.S.A. 2C:35-7 involving distribution, or attempt or conspiracy to distribute CDS to a juvenile bars an offender from admission to special probation under N.J.S.A. 2C:35-14. See N.J.S.A. 2C:35-14(b)(4).

We are mindful of the related rule that exceptions to remedial legislation should be strictly construed. SeeNini v. Mercer Cty. Cmty. Coll., 202 N.J. 98, 115, 995 A. 2d 1094 (2010). However, we do not construe the reference in N.J.S.A. 2C:35-14(m)(1) to persons "otherwise ineligible for expungement pursuant to paragraph (2) of this subsection" to be an exception, notwithstanding that it is introduced by the word "unless." That is because N.J.S.A. 2C:35-14(m)(2) is a free-standing provision that dictates "a person shall not be eligible" for a Drug Court expungement if the person's records include convictions barred by N.J.S.A. 2C:52-2(b) and -2(c).

The proposals were also introduced in the prior Legislature. See Assembly Bill No. 2829, 215th Legislature (May 10, 2012), and Senate Bill No. 2282, 215th Legislature (Oct. 25, 2012).

The other constituent bills in the substitute were: Assembly Bill No. 206, 216th Legislature (Jan. 16, 2014); Assembly Bill No. 1663, 216th Legislature (Jan. 16, 2014); Assembly Bill No. 2879, 216th Legislature (Mar. 10, 2014); Assembly Bill No. 3060, 216th Legislature (Mar. 24, 2014); Assembly Bill No. 3108, 216th Legislature (May 8, 2014).

Consequently, where a person was convicted of "possession with intent" under N.J.S.A. 2C:35-5 or -7, the State would bear the initial burden of demonstrating the possession was with the intent to sell. See N.J.S.A. 2C:52-2(c) ; In re G.R., supra, 395 N.J.Super. at 431, 929 A. 2d 602.

According to a recent analysis, 19.1 percent of all adult Drug Court graduates are re-arrested within three years of graduation; 7.1 percent are re-convicted; and 2.7 percent are re-incarcerated, which is significantly below the comparable figures for the general population of former offenders who were previously incarcerated. See Administrative Office of the Courts, New Jersey Adult Drug Court Program: New Jersey Statistical Highlights (May 8, 2017), available at https://www.judiciary.state.nj.us/courts/assets/criminal/njstats.pdf. We understand the goal of the expungement relief is to ease reentry, open up broader employment opportunities for graduates, and further reduce recidivism rates. See Governor's Conditional Veto Message to A. 206, 471, 1663, 2879, 3060, and 3108 (Jan. 11, 2016) (stating that Drug Court expungements "might ... help give non-violent offenders a fresh start, with better employment prospects and educational opportunities").