# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3157-22

IN THE MATTER OF THE
EXPUNGEMENT OF THE
CRIMINAL/JUVENILE
RECORDS OF N.R.C.[1]

_____

Submitted October 15, 2024 – Decided October 22, 2024

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. XP-23-002197.

Esther Suarez, Hudson County Prosecutor, attorney for appellant (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

This unopposed appeal by the State stems from the trial court's June 15, 2023, order granting N.R.C.'s application for expungement under what is known

_____

[1] We use initials for the expungement applicant in accordance with N.J.S.A. 2C:52-15 and R. 1:38-3(c)(7).

as the "clean slate" Act, N.J.S.A. 2C:52-5.3. Because the expungement was granted prematurely before the Act's ten-year required waiting period was met, we reverse and remand to the trial court to enter an order vacating its expungement order.

We briefly state the pertinent chronology. On November 7, 2008, N.R.C. was sentenced to a two-year term of probation with applicable monetary penalties, based on her guilty plea to third-degree possession of a controlled dangerous substance with intent to distribute it in a school zone, N.J.S.A. 2C:35-7. She completed that probationary sentence on February 14, 2014.

Subsequently, on June 1, 2018, N.R.C. was sentenced to a one-year term of probation with applicable monetary penalties, based on her guilty plea to fourth-degree credit-card theft, N.J.S.A. 2C:21-6(c)(1). She completed that second probationary sentence on June 5, 2019.

On February 9, 2023, N.R.C. filed a petition for expungement of her criminal record. The State objected to the petition, pointing out that under the expungement statute's "clean slate" provision, N.J.S.A. 2C:52-5.3, petitioner had been convicted of two indictable offenses and had completed her most recent probationary sentence on June 5, 2019. Hence, she would not be eligible for expungement until ten years had passed, i.e. on June 5, 2029.

A-3157-22

In an order entered on June 14, 2023, the trial court initially agreed with the State and dismissed the expungement petition. However, petitioner renewed her petition and sought a hearing.

The hearing took place on June 15, 2023. The State reiterated its objection on the record. Petitioner was then placed under oath, and she explained to the court why it should grant her relief "in the interest of justice." She described how she had turned her life around since her two convictions, completing college and the Straight and Narrow Program. She further stated she had been offered three "career opportunities that [were] life-changing," but which fell through because her criminal record had not been expunged.

In an oral opinion, the trial court granted the petition. The court noted that "a few years ha[d] passed" since petitioner's conviction for fourth-degree credit-card theft and reasoned that the imposition of only a one-year probationary sentence was "some indication that [she was] amenable to rehabilitation and [she] did complete it in one year." After finding "that society's interest in keeping this record for a number of further years is outweighed substantially by [petitioner's] interest in getting it expunged," the court concluded, "I'm going to grant [t]he expungement. And [the] State's valid

position is noted for the record, but in the interest of justice, I'm granting the expungement."

In its memorializing order, the court stated that it "considered the degree and nature of the offenses in the petition and probationary sentence imposed and completed successfully," and that it "found that compelling circumstances exist for granting the petition based upon [petitioner's] testimony . . . regarding the hardship upon her and her dependent."

The State now appeals, asserting the trial court's disposition is premature and not authorized by the statutory scheme. We are presented with no legal counterargument.

Expungement in New Jersey is governed by N.J.S.A. 2C:52-1 to -32.1, provisions which were intended by the Legislature "to establish 'a comprehensive statutory scheme for the expungement of criminal records'" and "create 'an equitable system of expungement of indictable and nonindictable offenses as well as of arrest records.'" State v. Gomes, 253 N.J. 6, 21 (2023) (quoting State v. T.P.M., 189 N.J. Super. 360, 364 (App. Div. 1983)).

In 2019, the Legislature reformed the expungement system, in pertinent part, "including 'clean slate' expungement for those who had not committed an offense in ten years, N.J.S.A. 2C:52-5.3." Id. at 22. Unlike N.J.S.A. 2C:52-

2(a), under N.J.S.A. 2C:52-5.3, qualified individuals with multiple, separate convictions may apply for expungement of all eligible convictions.

Of critical importance here, N.J.S.A. 2C:52-5.3(b) directs: "The person, if eligible, may present the expungement application after the expiration of a period of ten years from the date of the person's most recent conviction, payment of any court-ordered financial assessment, satisfactory completion of probation or parole, or release from incarceration, whichever is later."[2] (Emphasis added).

The plain language of N.J.S.A. 2C:52-5.3(b) clearly and unambiguously prohibits a person from petitioning for a "clean slate" expungement until "after the expiration of a period of ten years from the date of the person's most recent . . . satisfactory completion of probation." See Cannel, N.J. Criminal Code Annotated, cmt. 10 on N.J.S.A. 2C:52-1 (2024) (noting that "[N.J.S.A.] 2C:52-5.3 provides for expungement of all offenses (but not their fines, etc.) after ten years"). "Compared to the ordinary expungement pathway, 'clean slate' expungement has softer eligibility requirements but a harsher waiting period of ten years." Matter of K.M.G., 447 N.J. Super. 167, 175-76 (App. Div. 2023);

---

[2]  The Legislature revised this provision on January 11, 2024, to add eligibility for persons who did not complete the payment of court-ordered financial assessment within ten years, but who had otherwise met the ten-year requirement.  N.J.S.A. 2C:52-5.3 (amended Jan. 2024).

A-3157-22

see N.J.S.A. 2C:52-2(a) (imposing a five-year waiting period for ordinary expungement). "The Legislature's apparent intention in creating the 'clean slate' option was to expand eligibility while ensuring, with a harsher waiting period, that only the least likely to re-offend could benefit from it." K.M.G., 477 N.J. Super. at 179.

Individuals who apply for expungement have an initial burden to satisfy the requirements of the expungement statute by a preponderance of the evidence. In re D.H., 204 N.J. 7, 18 (2010). Once petitioners satisfy that burden, it "shifts to the State to 'demonstrat[e] by a preponderance of the evidence that there is a statutory bar or that the petition should not be granted.'" Id. at 18 (quoting In re G.R., 395 N.J. Super. 428, 431 (App. Div. 2007)).

Section 14 of the statute outlines the grounds for the denial of an expungement petition, including those sought under the "clean slate" provision. N.J.S.A. 2C:52-14. The grounds for denial include but not limited to: if "[a]ny statutory prerequisite . . . is not fulfilled or there is any other statutory basis for denying relief," and if "[t]he need for the availability of the records outweighs the desirability of having a person freed from any disabilities as otherwise provided in" the statute. Id. at (a) to (b); see also D.H., 204 N.J. at 18.

When interpreting a statute, a court's first step is to look to the plain

6

meaning of its language. Bergen Com. Bank v. Sisler, 157 N.J. 188, 202 (1999). If the plain language "clearly reveals the Legislature's intent, the inquiry is over." State v. Harper, 229 N.J. 228, 237-38 (2017). "[C]ourts must not 'rewrite a plainly-written enactment of the Legislature nor presume that the Legislature intended something other than that expressed by way of the plain language.'" In re R.K., 475 N.J. Super. 535, 536 (App. Div. 2023) (quoting State v. Frye, 217 N.J. 566, 575 (2014)).

The plain language in N.J.S.A. 2C:52-5.3 clearly requires a ten-year waiting period before eligibility for expungement under the "clean slate" statute. The State correctly notes that because N.R.C. completed her most recent prohibitionary sentence in June 2019, she was required to wait until June 2029 to petition for a "clean slate" expungement.

The trial court was permitted to consider the public interest, the degree and nature of petitioner's conduct, and her need for expungement only after it established that she was eligible for the expungement under the statute. Hence, the court's analysis here of those equities was unfortunately misplaced and premature.

Although it is admirable that petitioner apparently has turned her life around, and we appreciate that her criminal record is impeding her opportunities,

she simply does not qualify yet for "clean slate" expungement. The ten-year waiting period imposed by the Legislature must be enforced.

Reversed. We remand this matter to the trial court to enter an order promptly vacating its expungement order.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3157-22