# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2939-24

IN THE MATTER OF THE
EXPUNGEMENT OF THE
CRIMINAL/JUVENILE
RECORDS OF A.C.C.[1]

_____

Submitted February 3, 2026 – Decided April 21, 2026

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. XP-24-000656.

A.C.C., self-represented appellant.

Mark Musella, Bergen County Prosecutor, attorney for respondent State of New Jersey (Edward F. Ray, Assistant Prosecutor, on the brief).

PER CURIAM

Petitioner A.C.C. appeals from the April 2, 2025 Law Division order denying his application for expungement of three convictions of disorderly persons (DP) offenses pursuant to N.J.S.A. 2C:52-2(a). We affirm.

---

[1] We use initials in accordance with N.J.S.A. 2C:52-15 and R. 1:38-3(c)(7).

I.

Petitioner has a long criminal history. On July 9, 2004, he was convicted of third-degree manufacturing, distributing, or dispensing crack cocaine, a controlled dangerous substance (CDS), N.J.S.A. 2C:35-5(a)(1), and third-degree distribution of CDS on or near school property, N.J.S.A. 2C:35-7. The court sentenced petitioner to 364 days in the Passaic County jail, followed by a four-year term of probation. Petitioner completed this sentence on September 8, 2008.

On February 18, 2010, petitioner was convicted of third-degree conspiracy to manufacture, distribute, dispense, or possess with intent to distribute heroin or cocaine, N.J.S.A. 2C:35-5(b)(3). The court sentenced petitioner to a three-year term of probation, which he completed on May 24, 2013.

On February 1, 2017, petitioner was convicted of the DP offense of obstructing the administration of law or other governmental function, N.J.S.A. 2C:29-1(a). The court assessed a fine against petitioner.

On March 22, 2017, petitioner was convicted of the DP offense of resisting arrest, N.J.S.A. 2C:29-2(a)(1). The court sentenced petitioner to a one-year term of probation and a fine.

A-2939-24

On November 15, 2019, petitioner was convicted of the DP offense of obstructing the administration of law or other governmental function, N.J.S.A. 2C:29-1(a). The court assessed a fine against petitioner.

On March 12, 2024, petitioner filed a petition in the Law Division seeking expungement of his three convictions of DP offenses pursuant to N.J.S.A. 2C:52-2. The petition was supported by a certification in which petitioner stated he had no DP or criminal charges pending against him, and had not previously been granted an expungement.

The State objected to the petition. It argued expungement of petitioner's convictions of DP offenses was not available under N.J.S.A. 2C:52-2, which applies to convictions of indictable offenses. In addition, the State argued because petitioner was convicted of multiple indictable offenses, the only avenue for him to obtain an expungement was N.J.S.A. 2C:52-5.3, the "clean slate" expungement statute. The State argued that under N.J.S.A. 2C:52-5.3, petitioner was not eligible for expungement until ten years after the date of conviction, satisfactory completion of probation or parole, release from incarceration, or payment of the assessed fines, whichever is later.[2] The State

---

[2] In support of this argument, the State cited N.J.S.A. 2C:52-2(a). However, N.J.S.A. 2C:52-2(a) permits expungement of convictions of indictable offenses

noted petitioner's latest conviction was on November 15, 2019, less than ten years before he filed the petition. The State also argued petitioner failed to include in his petition all of his arrests, including an arrest in Florida.

Petitioner filed a written response stating N.J.S.A. 2C:52-2 permits the expungement of his convictions of DP offenses, provided the five-year period in that statute is met, and he obtained no convictions after those for which he sought expungement. While admitting he had been arrested in Florida, petitioner stated the charges for which he was arrested were dismissed, and he was not convicted of any other charges in that State. Petitioner argued he was not required to report an arrest for subsequently dismissed charges.

On April 2, 2025, the court issued an order denying the petition. The court's written decision was brief:

> Pursuant to N.J.S.A. 2C:52-2a, a [p]etition for expungement cannot be entertained unless there has been a passage of 10 years from the date of conviction, payment of a fine, satisfactory completion of probation or parole or release from incarceration, whichever is later. Petitioner was found guilty for his 5/21/2018 arrest on 11/15/2019. Therefore the 10 years does not lapse until 11/15/2029.

---

five years after the latest of the events cited by the State. N.J.S.A. 2C:52-5.3 permits expungement of certain convictions ten years after the latest of the events cited by the State.

4

On May 10, 2025, petitioner filed with the trial court a document entitled "letter of grievance regarding 'rubber stamping'/confirmation of no statement of reasons." He argued the court mistakenly applied the ten-year period in an outdated version of N.J.S.A. 2C:52-2, which was amended to make expungement available after a five-year period.

Petitioner objected to the court deciding his petition without a hearing. He also argued the court did not issue findings of fact and conclusions of law. See R. 1:7-4(a) ("[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ."). He also claimed the court "rubber stamped" a recommendation from a judiciary staff member to deny his petition.

The court took no further action. This appeal followed.

Petitioner raises the following arguments.

POINT I

THE [TRIAL] COURT ERRED IN RELYING UPON OLD, OUTDATED LANGUAGE IN THE LAW, N.J.S. 2C:52-2.

POINT II

THE STATE'S REASONS FOR OBJECTION HAVE NO LEGAL BASIS UNDER THE CURRENT LAWS.

A-2939-24

II.

Because a trial court's denial of an expungement petition and its interpretation of the relevant statutes are legal determinations, our review of the April 2, 2025 order is de novo. See In re Expungement Application of K.M.G., 477 N.J. Super. 167, 173 (App. Div. 2023).

Expungement is governed by N.J.S.A. 2C:52-1 to -32.1, provisions intended by the Legislature "to establish 'a comprehensive statutory scheme for the expungement of criminal records' and to create 'an equitable system of expungement of indictable and nonindictable offenses as well as of arrest records.'" State v. Gomes, 253 N.J. 6, 21 (2023) (quoting State v. T.P.M., 189 N.J. Super. 360, 364 (App. Div. 1983)). "Expungement of a criminal conviction 'offers a second chance to rehabilitated offenders who made a commitment to lead law-abiding lives.'" In re Petition for Expungement of Criminal Records Belonging to T.O., 244 N.J. 514, 523 (2021) (quoting In re T.B., 236 N.J. 262, 267 (2019)).

Three statutes expungement statutes are relevant here.[3] First, N.J.S.A. 2C:52-2, entitled "[i]ndictable offenses[,]" provides, in relevant part:

---

[3] We do not address N.J.S.A. 2C:52-4, which concerns convictions of local ordinances, or N.J.S.A. 2C:52-4.1, which concerns juvenile matters.

A-2939-24

In all cases, except as herein provided, a person may present an expungement application to the Superior Court pursuant to this section if:

the person has been <u>convicted of one crime</u> under the laws of this State, and does not otherwise have any subsequent conviction for another crime, whether within this State or any other jurisdiction. Subject to the provision of subsection e. of N.J.S. 2C:52-14 requiring denial of an expungement petition when a person has had a previous criminal conviction expunged, a prior conviction for another crime shall not bar presenting an application <u>seeking expungement relief for the criminal conviction that is the subject of the application</u> . . . .

[N.J.S.A. 2C:52-2(a) (emphasis added).]

It is well settled that the primary purpose of "statutory interpretation is to determine and 'effectuate the Legislature's intent.'" <u>State v. Rivastineo</u>, 447 N.J. Super. 526, 529 (App. Div. 2016) (quoting <u>State v. Shelley</u>, 205 N.J. 320, 323 (2011)). We being our analysis of the meaning of a statute by considering "the plain 'language of the statute, giving the terms used therein their ordinary and accepted meaning.'" <u>Ibid.</u> (quoting <u>Shelley</u>, 205 N.J. at 323). Where "the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." <u>Ibid.</u> (quoting <u>Shelley</u>, 205 N.J. at 323). We do "not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended

something other than that expressed by way of the plain language.'" Id. at 529-530 (alteration in original) (quoting Marino v. Marino, 200 N.J. 315, 329 (2009)).

The plain language of N.J.S.A. 2C:52-2 authorizes the expungement only of convictions of indictable criminal offenses. Although petitioner applied for relief under N.J.S.A. 2C:52-2, he did not apply to expunge his convictions of criminal offenses. He requested only expungement of his convictions for DP offenses. The statute, therefore, is not applicable to petitioner's petition.

Petitioner's reliance on statements in N.J.S.A. 2C:52-2's legislative history in support of his argument the statute applies to his petition is unpersuasive. We need not resort to the legislative history to interpret a statute when its terms are unambiguous.

Second, N.J.S.A. 2C:52-3 authorizes expungements of convictions of DP offenses. The statute, entitled "[d]isorderly persons or petty disorderly persons offenses[,]" provides, in relevant part:

> (1) Any person who has been convicted of one or more disorderly persons or petty disorderly persons offenses under the laws of this State who has not been convicted of any crime, whether within this State or any other jurisdiction, may present an expungement application to a court pursuant to this section.

(2)    Any person who has been convicted of one or more disorderly persons or petty disorderly persons offenses under the laws of this State who has also been convicted of one or more crimes shall not be eligible to apply for an expungement pursuant to this section, but may present an expungement application to the Superior Court . . . pursuant to N.J.S. 2C:52-2.

[N.J.S.A. 2C:52-3(a).]

Pursuant to the plain terms of N.J.S.A. 2C:52-3, petitioner is not eligible for expungement relief for his convictions of DP offenses under that statute. He may, however, apply for expungement of his convictions of criminal offenses under N.J.S.A. 2C:52-2, when he is eligible to do so.

Third, in 2019, the Legislature reformed the expungement statutes to, among other things, "include[e] 'clean slate' expungement for those who had not committed an offense in ten years" by adding N.J.S.A. 2C:52-5.3. Gomes, 253 N.J. at 22. Unlike N.J.S.A. 2C:52-2 and N.J.S.A. 2C:52-3, the "clean slate" statute qualifies individuals with multiple, separate convictions to obtain expungement of all convictions.

N.J.S.A. 2C:52-5.3(b) provides, in relevant part:

A person, who is not otherwise eligible to present an expungement application pursuant to any other section of chapter 52 of Title 2C of the New Jersey Statutes or other section of law, may present an expungement application to the Superior Court pursuant to this section if the person has been convicted of one or more

9

crimes, one or more disorderly persons or petty disorderly persons offenses, one or more municipal violations, or a combination of one or more crimes, offenses, or violations under the laws of this State, unless the person has a conviction for a crime which is not subject to expungement pursuant to subsection b. or c. of N.J.S. 2C:52-2.

[N.J.S.A. 2C:52-5.3(a).]

The statute further provides "[t]he person, if eligible, may present the expungement application after the expiration of a period of ten years from the date of the person's most recent conviction, payment of any court-ordered financial assessment, satisfactory completion of probation or parole, or release from incarceration, whichever is later." N.J.S.A. 2C:52-5.3(b). This provision of the statute is unambiguous. "Compared to the ordinary expungement pathway, 'clean slate' expungement has softer eligibility requirements but a harsher waiting period of ten years." In re K.M.G., 477 N.J. Super. at 175. "The Legislature's apparent intention in creating the 'clean slate' option was to expand eligibility while ensuring, with a harsher waiting period, that only the least likely to re-offend could benefit from it." Id. at 179.[4]

---

[4] Effective January 12, 2024, the Legislature revised N.J.S.A. 2C:52-5.3 to allow expungement in some circumstances in which an applicant has not satisfied a court-ordered assessment, but who otherwise meets the ten-year

Petitioner is not eligible for expungement relief under N.J.S.A. 2C:52-5.3 because he has not satisfied the ten-year waiting period in that statute. As the trial court found, petitioner's latest conviction was on November 15, 2019, less than ten years prior to the filing of his petition on March 4, 2024.[5]

Those who petition for expungement have an initial burden to satisfy the requirements of the expungement statute by a preponderance of the evidence. In re D.H., 204 N.J. 7, 18 (2010). Once a petitioner satisfies that burden, it "shifts to the State to 'demonstrate[] by a preponderance of the evidence that there is a statutory bar or that the petition should not be granted.'" Id. at 18 (alteration in original) (quoting In re G.R., 395 N.J. Super. 428, 431 (App. Div. 2007)). N.J.S.A. 2C:52-14 outlines the grounds for denial of an expungement petition, including those sought under the "clean slate" provision. The grounds

---

requirement. Those amendments do not affect petitioner's eligibility for "clean slate" expungement.

[5] We agree with petitioner's observation the trial court cited N.J.S.A. 2C:52-2(a) in its order denying his petition and stated the statute has a ten-year waiting period to petition for an expungement. As noted above, N.J.S.A. 2C:52-2(a) is not applicable to petitioner's application for expungement of his convictions of DP offenses. In addition, N.J.S.A. 2C:52-2(a), which applies to convictions of indictable criminal offenses, imposes a five-year waiting period to seek expungement relief, not a ten-year period. Appeals are taken from orders, not opinions, see Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001), and the trial court's application of a ten-year waiting period was consistent with the applicable statute.

for denial include, but are not limited to, a finding that "[a]ny statutory prerequisite . . . is not fulfilled . . . ." N.J.S.A. 2C:52-14(a).

Because petitioner did not establish he was eligible for expungement relief under N.J.S.A. 2C:52-2, the statute under which he applied, N.J.S.A. 2C:52-3, the statute applicable to convictions of DP offenses, or N.J.S.A. 2C:52-5.3, the "clean slate" statute, we affirm the trial court's April 2, 2025 order.[6]

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

---

[6] In light of our decision petitioner did not satisfy the ten-year waiting period in N.J.S.A. 2C:52-5.3, we need not address the State's arguments: (1) petitioner's application was insufficient because he did not report his Florida arrest; (2) petitioner is not eligible for relief under N.J.S.A. 2C:52-5.3 because one of his criminal convictions is not eligible for expungement, see N.J.S.A. 2C:52-2(c)(3); and (3) petitioner did not establish he satisfied all fines assessed against him. In addition, given it is undisputed ten years did not pass between petitioner's November 15, 2019 conviction and the filing of his expungement petition, petitioner's argument he was entitled to a hearing lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-2939-24