RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1516-16T1
 A-1517-16T1
 A-1518-16T1

IN THE MATTER OF THE
EXPUNGEMENT OF THE ARREST/ APPROVED FOR PUBLICATION
CHARGE RECORDS OF T.B.
__________________________________ August 1, 2017

 APPELLATE DIVISION
IN THE MATTER OF THE
EXPUNGEMENT OF THE ARREST/
CHARGE RECORDS OF J.N.-T.
__________________________________

IN THE MATTER OF THE
EXPUNGEMENT OF THE ARREST/
CHARGE RECORDS OF R.C.
__________________________________

 Argued June 6, 2017 – Decided August 1, 2017

 Before Judges Ostrer, Leone and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Law Division, Cape May County.

 Jacqueline M. Quick, Deputy Attorney
 General, argued the cause for appellant
 State of New Jersey (Christopher S. Porrino,
 Attorney General, attorney; Sarah E. Miller,
 Deputy Attorney General, of counsel and on
 the briefs).

 Stephen P. Hunter, Assistant Deputy Public
 Defender, argued the cause for respondents
 T.B., J.N.-T. and R.C. (Joseph E. Krakora,
 Public Defender, attorney; Mr. Hunter, of
 counsel and on the briefs).

 The opinion of the court was delivered by

OSTRER, J.A.D.

 In these consolidated appeals, we must decide whether Drug

Court graduates seeking expungement of their criminal records

pursuant to N.J.S.A. 2C:35-14(m) — the "Drug Court expungement

statute" — must make a "public interest" showing as N.J.S.A.

2C:52-2(c)(3) requires for the expungement of certain third- and

fourth-degree drug offenses. Having considered the plain

language of the Drug Court expungement statute, and its

legislative history, we conclude that N.J.S.A. 2C:35-14(m)(2)

clearly imports the public interest requirement under N.J.S.A.

2C:52-2(c)(3). We therefore vacate orders expunging the

criminal records of T.B., J.N.-T. and R.C., and remand for

appropriate application of the public interest test.

 I.

 As these appeals require us to consider the interplay

between N.J.S.A. 2C:35-14(m) and N.J.S.A. 2C:52-2(c)(3), we

review those key statutory provisions before considering the

parties' arguments. Effective April 18, 2016, L. 2015, c. 261,

§ 10, the Drug Court expungement statute generally provides for

the expungement of an offender's entire prior criminal record —

"all records and information relating to all prior arrests,

 2 A-1516-16T1
detentions, convictions, and proceedings for any offense

enumerated in Title 2C" — after successfully completing, or

graduating from, Drug Court probation without any intervening

convictions. L. 2015, c. 261, § 1, codified as N.J.S.A. 2C:35-

14(m)(1). The law applies to persons sentenced pursuant to

N.J.S.A. 2C:35-14.2 and N.J.S.A. 2C:45-1. Ibid.

 The statute initially speaks permissively, stating, "The

Superior Court may order the expungement . . . upon successful

discharge from a term of special probation" if the person

satisfies two conditions: first, "the person satisfactorily

completed a substance abuse treatment program as ordered," and

second, the person "was not convicted of any crime, or adjudged

a disorderly person or petty disorderly person, during the term

of special probation." Ibid. (emphasis added). Yet, the

statute then speaks mandatorily: "The court shall grant the

relief requested," unless the court finds one of two grounds for

denial. Ibid. (emphasis added). The first ground arises if

"the need for the availability of the records outweighs the

desirability of having the person freed from any disabilities

associated with their availability[.]"1 Ibid. The second ground

1
 This is also a basis for denying regular expungement under
Chapter 52. See N.J.S.A. 2C:52-14(b).

 3 A-1516-16T1
exists if "the person is otherwise ineligible for expungement

pursuant to paragraph (2)" of N.J.S.A. 2C:35-14(m). Ibid.

 Paragraph 2 in turn provides, "[a] person shall not be

eligible for [a Drug Court] expungement . . . if the

[offender's] records include a conviction for any offense barred

from expungement pursuant to subsection b. or c. of N.J.S.[A.]

2C:52-2." N.J.S.A. 2C:35-14(m)(2). Subsection (b) identifies

several crimes that absolutely bar a person from regular

expungement under N.J.S.A. 2C:52-2 and, therefore, from any Drug

Court expungement under N.J.S.A. 2C:35-14(m). N.J.S.A. 2C:52-

2(b). These include, for example, kidnapping, murder,

manslaughter, and various sexual offenses. Ibid.

 The focus of this appeal is subsection (c), which addresses

crimes involving the sale, distribution, or possession with

intent to sell a controlled dangerous substance (CDS). N.J.S.A.

2C:52-2(c). Some crimes are absolutely barred from expungement

if they are first- and second-degree offenses, while crimes

involving roughly fourth-degree quantities of marijuana or

hashish are not barred at all. Compare N.J.S.A. 2C:35-5(b)(12),

with N.J.S.A. 2C:52-2(c)(1) and (2). However, some crimes —

third- and other fourth-degree offenses — are barred unless the

court finds expungement serves the public interest. N.J.S.A.

2C:52-2(c)(3). Subsection (c) states:

 4 A-1516-16T1
 In the case of conviction for the sale or
 distribution of a controlled dangerous
 substance or possession thereof with intent
 to sell, expungement shall be denied except
 where the crimes involve:

 (1) Marijuana, where the total quantity
 sold, distributed or possessed with intent
 to sell was 25 grams or less;

 (2) Hashish, where the total quantity
 sold, distributed or possessed with intent
 to sell was five grams or less; or

 (3) Any controlled dangerous substance
 provided that the conviction is of the third
 or fourth degree, where the court finds that
 expungement is consistent with the public
 interest, giving due consideration to the
 nature of the offense and the petitioner's
 character and conduct since conviction.

 [N.J.S.A. 2C:52-2(c).2]

2
 We note that the excluded CDS offenses are not congruent with
the definitions of related CDS offenses in Chapter 35. For
example, N.J.S.A. 2C:35-5(b)(12) makes it a fourth-degree crime
to manufacture, distribute or dispense, or to possess with the
intent to do so, less than one ounce of marijuana — which equals
28.3 grams — or less than five grams of hashish. However,
N.J.S.A. 2C:52-2(c) imposes no bar to expungement for
convictions involving the sale, distribution, or possession with
intent to do so, marijuana of 25 grams or less, or hashish of
five grams or less. Also, N.J.S.A. 2C:35-5 makes it unlawful
"[t]o manufacture, distribute or dispense, or to possess or have
under his control with intent to manufacture, distribute or
dispense" CDS. Yet, the bar to expungement in N.J.S.A. 2C:52-
2(c) pertains only to convictions for "the sale or distribution
of a [CDS] or possession thereof with intent to sell," without
reference to convictions for manufacturing, dispensing, or
possession with intent to distribute by means other than sales.
Cf. N.J.S.A. 2C:35-2 (defining "dispense," "distribute," and
"manufacture" for purposes of Chapter 35). In State v. P.L.,
369 N.J. Super. 291, 294 (App. Div. 2004), the court held that
 (continued)

 5 A-1516-16T1
 The Drug Court expungement statute also requires the

prosecutor "to notify the court of any disqualifying convictions

or any other factors related to public safety" that the court

should consider. N.J.S.A. 2C:35-14(m)(2). If a person who

secures a Drug Court expungement thereafter commits a crime,

"the full record of arrests and convictions may be restored to

public access and no future expungement shall be granted to such

person." N.J.S.A. 2C:35-14(m)(4).

 A person who graduates from Drug Court after the effective

date need not file a formal petition for expungement as required

by N.J.S.A. 2C:52-7 to -14. See N.J.S.A. 2C:35-14(m)(1)

(stating that the "provisions of N.J.S.[A.] 2C:52-7 through

N.J.S.[A.] 2C:52-14 shall not apply"). It is sufficient simply

to convey the request to the Drug Court judge prior to

graduation; submission of a form of order suffices. See

Administrative Directive #02-16 (May 23, 2016), available

at https://www.judiciary.state.nj.us/notices/2016/n160526a.pdf.

(continued)
N.J.S.A. 2C:52-2(c) did not bar expungement of a conviction for
possession of marijuana with intent to distribute, as opposed to
intent to sell. In In re G.R., 395 N.J. Super. 428, 432-33
(App. Div.), certif. denied, 193 N.J. 275 (2007), we concluded
the court must consider whether the facts underlying a
petitioner's conviction evince an intent to sell rather than
merely to distribute without sale. The parties have not
addressed any possible incongruities between their convictions
and those described in N.J.S.A. 2C:52-2(c). Given our
disposition, they may wish to do so on remand.

 6 A-1516-16T1
However, a person who graduated before the effective date of L.

2015, c. 261, and seeks the relief provided by the statute must

file "a duly verified petition as provided in N.J.S.[A.] 2C:52-7

for each crime or offense sought to be expunged." N.J.S.A.

2C:35-14(m)(5). This petition "shall proceed pursuant to

N.J.S.[A.] 2C:52-1 et seq. except that the requirements related

to the expiration of the time periods specified in N.J.S.[A.]

2C:52-2 through" N.J.S.A. 2C:52-4.1 are inapplicable. Ibid.

 II.

 The State contends that since convictions for third- and

fourth-degree drug offenses bar expungement under N.J.S.A.

2C:52-2(c)(3), absent a court finding that expungement serves

the public interest, it follows that such convictions bar a Drug

Court expungement without an identical public interest finding.

The applicants3 contend, since such convictions are not an

absolute bar to expungement under N.J.S.A. 2C:52-2(c), a public

interest finding is not required for a Drug Court expungement.

 The trial court adopted the applicants' interpretation.

The court had before it requests for expungement from three Drug

Court graduates. All three entered Drug Court in 2011 after

3
 For convenience, we refer to each Drug Court graduate as an
applicant, inasmuch as they were not required to file formal
petitions. See N.J.S.A. 2C:35-14(m)(1).

 7 A-1516-16T1
pleading guilty to third-degree crimes.4 T.B. was convicted of

possessing CDS, N.J.S.A. 2C:35-10(a)(1). R.C. was convicted of

the same crime, as well as manufacturing, distributing or

dispensing CDS, or possessing it with intent to do so, N.J.S.A.

2C:35-5(a)(1), -5(b)(3), and conspiracy, N.J.S.A. 2C:5-2. J.N.-

T. was convicted of burglary, N.J.S.A. 2C:18-2. All three

successfully completed Drug Court probation in May 2016.

 The applicants then sought orders under N.J.S.A. 2C:35-

14(m) expunging their entire criminal records, which included

numerous prior convictions. T.B. and R.C. each had a third-

degree conviction for manufacturing, distributing or dispensing

CDS, or possession with intent to do so, N.J.S.A. 2C:35-5. T.B.

had eleven convictions since 1990 — seven in municipal court and

four in Superior Court — including a violation of N.J.S.A.

2C:35-5(b)(3) in 1993. R.C. had three Superior Court

convictions dating back to 1996, including a 2010 conviction

under N.J.S.A. 2C:35-5(a)(1) and -5(b)(3). Thus, his most

recent conviction was his second such offense. J.N.-T. had a

third-degree conviction, from 1995, for distributing, dispensing

4
 The applicants' judgments of conviction and presentence reports
are not before us. We rely upon the trial judge's description
of the applicants' records, which refer only to the Code
provision they violated. Thus, for example, it is unclear
whether an applicant convicted of violating N.J.S.A. 2C:35-5(a)
manufactured or distributed CDS, or whether he only possessed
CDS with the intent to do so.

 8 A-1516-16T1
or possessing CDS with intent to distribute within 1000 feet of

a school, N.J.S.A. 2C:35-7.5 He was also convicted of seven

other indictable offenses, plus one disorderly persons offense

in municipal court, and one in family court.

 Over the State's objection, the trial court granted the

three applications. In its written opinion, the court concluded

that since N.J.S.A. 2C:52-2(c) did not categorically bar

expungements of the specified third- and fourth-degree CDS

offenses, it did not present a barrier to Drug Court

expungements. The court found that the applicants satisfied the

requisites of N.J.S.A. 2C:35-14(m)(1), and that the State failed

to demonstrate by a preponderance of the evidence grounds to

deny the requested relief. Nonetheless, the court found that it

served the public interest to expunge the applicants' records:

 The [applicants] have not been arrested
 in the last five years while on special
 probation. They have each completed
 substance abuse treatment programs. They
 are employed full-time and they have paid
 all fines and costs. They are current in
 their child support payments, and in the
 case of [J.N.-T.], paid $7,000 in child
 support arrearage. They are confirmed Drug
 Court graduates. Thus, they have satisfied
 their burden and meet all requirements to

5
 We note that a conviction of N.J.S.A. 2C:35-7 involving
distribution, or attempt or conspiracy to distribute CDS to a
juvenile bars an offender from admission to special probation
under N.J.S.A. 2C:35-14. See N.J.S.A. 2C:35-14(b)(4).

 9 A-1516-16T1
 obtain the expungement of their criminal
 records.

 To the extent the State maintains that
 [applicants'] drug offenses are
 disqualifying convictions, the Court
 concludes that precluding [applicants] with
 drug offenses from "drug court expungement,"
 absent other bases for rejection, is
 antithetical to the Drug Court mandate.

 . . . .

 Given the nature of the [applicants']
 criminal records, [applicants'] respective
 commitments to sobriety and the Drug Court
 program, the Court concludes that all
 requirements for Drug Court expungement have
 been met. As such, to advance the
 [applicants'] goals of becoming productive
 members of society, it is in the public
 interest to provide them with the means to
 rejoin the community without the burden of a
 criminal record.

The court thereafter expunged the applicants' convictions, as

well as prior arrests not followed by convictions. The State's

appeals followed.

 III.

 We review de novo the trial court's interpretation of the

statute. State v. Revie, 220 N.J. 126, 132 (2014). Our goal is

to "determine and carry out the Legislature's intent" as

expressed in the statutory language, and if that is ambiguous,

then as illuminated by the legislative history and other

extrinsic evidence. In re Kollman, 210 N.J. 557, 568 (2012).

We read a statute in its entirety, giving meaning to each

 10 A-1516-16T1
provision, "to provide a harmonious whole." Bedford v. Riello,

195 N.J. 210, 224 (2008). We also presume the Legislature is

aware of prior judicial interpretations of statutory language.

Kollman, supra, 210 N.J. at 572 (citing Coyle v. Bd. of Chosen

Freeholders, 170 N.J. 260, 267 (2002)). "If the plain language

is clear, the court's task is complete." Id. at 568.

 We are persuaded that a court may grant a Drug Court

expungement of a record that includes a conviction for a third-

and fourth-degree CDS offense, as described in N.J.S.A. 2C:52-

2(c)(3), only if the applicant makes the public interest

showing. "The general rule is that when a statute incorporates

another by specifically referring to it by title or section

number, only the precise terms of the incorporated statute as it

then exists become part of the incorporating statute[.]" In re

Commitment of Edward S., 118 N.J. 118, 132 (1990); see 2B Norman

J. Singer, Sutherland Statutes and Statutory Construction § 51:8

at 315-16 (7th ed. 2008). By referring to "any offense barred

from expungement pursuant to subsection b. or c. of N.J.S.[A.]

2C:52-2," N.J.S.A. 2C:35-14(m)(2), the Drug Court expungement

statute expressly imports the offenses that bar expungement

under N.J.S.A. 2C:52-2(b) and -2(c).

 Although Chapter 52 does not absolutely bar expungement of

the identified third- and fourth-degree CDS offenses, the bar

 11 A-1516-16T1
exists, but for two exceptions. The first exception covers

offenses involving small quantities of marijuana and hashish.

See N.J.S.A. 2C:52-2(c)(1) and (2). Of principal concern in

this appeal, the second exception involves CDS convictions "of

the third or fourth degree, where the court finds that

expungement is consistent with the public interest, giving due

consideration to the nature of the offense and the petitioner's

character and conduct since conviction." N.J.S.A. 2C:52-

2(c)(3).

 Generally, exceptions are "strictly but reasonably

construed" with any doubts "resolved in favor of the general

provision." Prado v. State, 186 N.J. 413, 426 (2006) (internal

quotation marks and citations omitted); see also 2A Norman J.

Singer, Sutherland Statutes and Statutory Construction § 47.11

at 331 (7th ed. 2007) ("Where a general provision in a statute

has certain limited exceptions, all doubts should be resolved in

favor of the general provision rather than the exceptions."). 6

6
 We are mindful of the related rule that exceptions to remedial
legislation should be strictly construed. See Nini v. Mercer
Cty. Cmty. Coll., 202 N.J. 98, 115 (2010). However, we do not
construe the reference in N.J.S.A. 2C:35-14(m)(1) to persons
"otherwise ineligible for expungement pursuant to paragraph (2)
of this subsection" to be an exception, notwithstanding that it
is introduced by the word "unless." That is because N.J.S.A.
2C:35-14(m)(2) is a free-standing provision that dictates "a
person shall not be eligible" for a Drug Court expungement if
 (continued)

 12 A-1516-16T1
Therefore, unless and until the exception is satisfied, the

"conviction [is] for an[] offense barred from expungement

pursuant to subsection b. or c. of N.J.S.[A.] 2C:52-2."

N.J.S.A. 2C:35-14(m)(2).

 We add that the public interest showing, based on the

statute's plain language, pertains only to convictions described

in N.J.S.A. 2C:52-2(c)(3). If the person meets the public

interest test regarding an identified third- or fourth-degree

conviction, then his or her records do not include a conviction

"barred from expungement" under N.J.S.A. 2C:52-2(b) or -2(c).

The court is not required to find that it serves the "public

interest" to grant the expungement of other convictions, if the

Drug Court graduate is otherwise eligible. The Legislature has

made that judgment, although the court may still deny relief if

"it finds that the need for the availability of the records

outweighs the desirability of having the person freed from the

disabilities associated with their availability." N.J.S.A.

2C:35-14(m)(1).

 The legislative history does not expressly address the

issue presented on appeal. However, the Legislature evinced no

intent to weaken the barriers to expungement set forth in

(continued)
the person's records include convictions barred by N.J.S.A.
2C:52-2(b) and -2(c).

 13 A-1516-16T1
N.J.S.A. 2C:52-2(b) and -2(c). The Drug Court expungement

statute was originally embodied in a free-standing bill that

authorized "automatic expungement" of Drug Court graduates'

criminal records. See Assembly Bill No. 471, 216th Legislature

(Jan. 16, 2014); see also Senate Bill No. 552, 216th Legislature

(Jan. 14, 2014).7 The original bill was considerably narrower

than the one enacted. It applied only to first-time criminal

offenders, and only to the conviction leading to the Drug Court

sentence. It compelled expungement, provided that, "[t]he

conviction is for a crime not included in the list of crimes

that may not be expunged as provided in subsections b. or c. of

N.J.S.[A.] 2C:52-2[.]" Assembly Bill No. 471, supra, at § 1.

The sponsor's statement explained that expungement was not

available for "certain convictions for the sale or distribution

of a controlled dangerous substance or possession thereof with

intent to sell . . . ." Statement to Assembly Bill No. 471 at

14-15 (Jan. 16, 2014). It specifically stated, "the conviction

cannot be for any of the crimes that are ineligible for

expungement under subsections b. and c. of N.J.S.[A.] 2C:52-2."

Id. at 14.

7
 The proposals were also introduced in the prior Legislature.
See Assembly Bill No. 2829, 215th Legislature (May 10, 2012),
and Senate Bill No. 2282, 215th Legislature (Oct. 25, 2012).

 14 A-1516-16T1
 The bill was amended and merged into a committee substitute

with other bills that proposed various amendments to Chapter 52,

mainly to reduce the waiting periods for expungements. See

Assembly Committee Substitute for Assembly Bill Nos. 206, 471,

1663, 2879, 3060 and 3108, 216th Legislature (Dec. 11, 2014)

(Assembly Committee Substitute).8 With respect to Drug Court

graduates, the committee substitute substantially expanded the

nature of relief offered by authorizing expungement of all prior

arrests and convictions. See id. at § 1.

 Rather than limiting expungement to convictions of

"crime[s] not included in the list of crimes that may not be

expunged" in N.J.S.A. 2C:52-2(b) or -2(c), see Assembly Bill

471, supra, at § 1, the substitute referred to, as a

disqualification, "a conviction for any offense barred from

expungement" under N.J.S.A. 2C:52-2(b) or -2(c). Assembly

Committee Substitute, supra, at § 1. We do not infer from this

wording change any intent to narrow the disqualification, nor

does the committee's statement suggest one, as it simply tracks

the statutory language. See Assembly Judiciary Committee

8
 The other constituent bills in the substitute were: Assembly
Bill No. 206, 216th Legislature (Jan. 16, 2014); Assembly Bill
No. 1663, 216th Legislature (Jan. 16, 2014); Assembly Bill No.
2879, 216th Legislature (Mar. 10, 2014); Assembly Bill No. 3060,
216th Legislature (Mar. 24, 2014); Assembly Bill No. 3108, 216th
Legislature (May 8, 2014).

 15 A-1516-16T1
Statement to Assembly Committee Substitute at 1 (Dec. 11, 2014)

("The substitute provides that a person would not be eligible

for expungement under this provision of law if the records

include a conviction for any offense barred from expungement

pursuant to subsection b. or c. of N.J.S.[A.] 2C:52-2.").

 The substitute also proposed to abolish the dual pathways

to expungement under Chapter 52 — in which a person was

presumptively entitled to expungement of an indictable offense

after ten years, and eligible for expungement after as few as

five years upon a public interest showing. See Kollman, supra,

210 N.J. at 569-72 (describing dual pathways). Instead, persons

would be presumptively entitled to expungement after five years,

without a public interest showing. Assembly Committee

Substitute, supra, at § 2; see also Assembly Judiciary Committee

Statement to Assembly Committee Substitute, supra, at 2. The

Governor ultimately conditionally vetoed the bill, proposing to

strike the waiting period reduction for indictable offenses and

restoring the dual pathways, which the Legislature then adopted.

See Governor's Conditional Veto Message to A. 206, 471, 1663,

2879, 3060 and 3108 (Jan. 11, 2016). The Governor endorsed the

public interest showing for expungements after five years under

Chapter 52, while approving the relief authorized for Drug Court

graduates. Ibid.

 16 A-1516-16T1
 In sum, based on the plain language of the statute, and

consistent with the legislative history, we conclude that a

trial court may grant a Drug Court expungement to a person who

has a third- or fourth-degree conviction for sale, distribution,

or possession with intent to sell CDS (other than the specified

marijuana and hashish-related crimes) only if "the court finds

that expungement is consistent with the public interest, giving

due consideration to the nature of the offense and the

petitioner's character and conduct since conviction." N.J.S.A.

2C:52-2(c)(3).

 IV.

 We also agree with the State's contention that the trial

court erred in determining that the State bore the burden of

proof to establish, by a preponderance of the evidence, that

expungement would be inconsistent with the public interest. The

trial court determined that granting the three expungement

petitions serves the public interest, notwithstanding its

conclusion that N.J.S.A. 2C:52-2(c) did not apply to Drug Court

expungements. The court concluded that the applicants met their

burden to qualify for expungement under N.J.S.A. 2C:35-14(m)(1),

and the State "failed to show by a preponderance of the evidence

that a ground exists to deny the petitions."

 17 A-1516-16T1
 We review the court's decision for an abuse of discretion.

See Kollman, supra, 210 N.J. at 577. In exercising that review,

"we first determine whether the court correctly applied the

law." In re LoBasso, 423 N.J. Super. 475, 496 (App. Div. 2012).

In particular, we examine whether the court applied

impermissible factors, or failed to apply required ones. See

Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)

(stating an abuse of discretion exists when, among other

circumstances, a decision is "based upon a consideration of

irrelevant or inappropriate factors" (internal quotation marks

and citation omitted)).

 The court erred in finding that N.J.S.A. 2C:52-2(c) does

not apply. The court also imposed too great a burden on the

State. The State must initially show that the applicants were

convicted of a potentially disqualifying crime covered by

N.J.S.A. 2C:52-2(c)(3). See N.J.S.A. 2C:35-14(m)(2) (stating

"[i]t shall be the obligation of the prosecutor to notify the

court of any disqualifying convictions"); cf. Kollman, supra,

210 N.J. at 570 (stating that the prosecutor bears burden of

demonstrating a cause for denial after the petitioner

establishes objective elements of N.J.S.A. 2C:52-2(a)).9 Then,

9
 Consequently, where a person was convicted of "possession with
intent" under N.J.S.A. 2C:35-5 or -7, the State would bear the
 (continued)

 18 A-1516-16T1
consistent with Kollman, supra, the Drug Court graduates bear

the burden to show they satisfy the public interest test. 210

N.J. at 572-73.

 Although the court concluded it to be "in the public

interest to provide [the applicants] with the means to rejoin

the community without the burden of a criminal record," we

decline to defer to that conclusion, because the court applied

the wrong burden of proof, and the court did not make findings

consistent with N.J.S.A. 2C:52-2(c)(3). A trial court must

"giv[e] due consideration to the nature of the offense . . . ."

N.J.S.A. 2C:52-2(c)(3). "The 'nature of the offense'

encompasses undisputed or proven facts about the crime and its

commission." Kollman, supra, 210 N.J. at 574. Judges may, in

their discretion, consider "details about what the petitioner

did, how and with whom he acted, and the harm he may have caused

in connection with the offense of conviction." Id. at 574-75.

 To assist the court in exercising its discretion that

expungement is in the public interest, under N.J.S.A. 2C:52-

2(a)(2) and -2(c)(3), a Drug Court expungement applicant is

"direct[ed]" to include with their applications "all transcripts

(continued)
initial burden of demonstrating the possession was with the
intent to sell. See N.J.S.A. 2C:52-2(c); In re G.R., supra, 395
N.J. Super. at 431.

 19 A-1516-16T1
of plea and sentencing hearings, as well as a copy of the

presentence report" for third- or fourth-degree offenses

described in N.J.S.A. 2C:52-2(c)(3). Kollman, supra, 210 N.J.

at 577. We are unpersuaded by applicants' argument that this

would be an insurmountable burden, or would defeat the goals of

the statute. Inasmuch as the Legislature imported the public

interest determination from Chapter 52, the Drug Court judge

must have the same resources as are available to the Chapter 52

expungement court, to assist it in its task.

 In assessing the applicant's "conduct and character," the

court may also consider whether the applicant:

 has engaged in activities that have limited
 the risk of re-offending, or has avoided
 activities that enhanced that risk
 [including] whether a petitioner has
 obtained job training or education, complied
 with other legal obligations (such as child
 support and motor vehicle fines), and
 maintained family and community ties that
 promote law-abiding behavior, as well as
 whether the petitioner has severed
 relationships with persons in the criminal
 milieu.

 [Id. at 576 (quoting LoBasso, supra, 423
 N.J. Super. at 491-92).]

 The trial court addressed, to some extent, each applicant's

"character and conduct" since conviction, noting their

successful completion of Drug Court. However, just as a court

may not reject a public interest finding based on "categorical

 20 A-1516-16T1
or generic grounds," id. at 575, a court may not make a public

interest finding solely on the basis that the applicant

graduated from Drug Court. Implicit in the statute's

incorporation of N.J.S.A. 2C:52-2(c)(3) is the requirement that

the Drug Court graduate must demonstrate something more. We

note that the court acknowledged that the applicants completed

substance abuse treatment, obtained stable employment, and paid

fines and child support arrearages. However, the court did not

disclose other aspects of the applicants' character and conduct

while in Drug Court. See LoBasso, supra, 423 N.J. Super. at 492

(suggesting performance on probation may be relevant to a

character and conduct finding). Nor did the court address each

applicant's conduct since committing the offense that is subject

to the public interest test.

 We recognize that, as a result of the intensive supervision

intrinsic to Drug Court, many Drug Court judges become familiar

with the participants and may form a well-grounded opinion about

their character and conduct. Nonetheless, the court is obliged

to specify the basis for its conclusion to enable appellate

review. See R. 1:7-4.

 As the Court noted in Kollman, supra, "The focus . . . is

on the 'public interest,' which is broader than the personal

desires of an applicant, although the concepts can often be

 21 A-1516-16T1
intertwined." 210 N.J. at 577. Yet, as with the legislation

that created the early pathway for expungement under Chapter 52,

a critical goal of the Drug Court expungement statute is to

"promote the successful reentry of ex-offenders into the

community." See ibid. In general, successful reentry of Drug

Court graduates serves the public interest by reducing drug-

related crime and its attendant costs, and maximizing offenders'

positive contribution to society.10

 In sum, we remand the three Drug Court expungement

applications for reconsideration. Assuming the State can

demonstrate that the applicant has a potentially disqualifying

conviction under N.J.S.A. 2C:52-2(c)(3), the applicant shall

bear the burden to establish that expungement of that conviction

would serve the public interest, as required by N.J.S.A. 2C:52-

10
 According to a recent analysis, 19.1 percent of all adult Drug
Court graduates are re-arrested within three years of
graduation; 7.1 percent are re-convicted; and 2.7 percent are
re-incarcerated, which is significantly below the comparable
figures for the general population of former offenders who were
previously incarcerated. See Administrative Office of the
Courts, New Jersey Adult Drug Court Program: New Jersey
Statistical Highlights (May 8, 2017), available at
https://www.judiciary.state.nj.us/courts/assets/criminal/njstats
.pdf. We understand the goal of the expungement relief is to
ease reentry, open up broader employment opportunities for
graduates, and further reduce recidivism rates. See Governor's
Conditional Veto Message to A. 206, 471, 1663, 2879, 3060, and
3108 (Jan. 11, 2016) (stating that Drug Court expungements
"might . . . help give non-violent offenders a fresh start, with
better employment prospects and educational opportunities").

 22 A-1516-16T1
2(c)(3). The court shall make the appropriate finding

consistent with the principles set forth above and in Kollman.

We express no opinion on the appropriateness of the requested

expungements in these three cases, and leave it to the trial

court's sound exercise of discretion.

 Vacated and remanded. We do not retain jurisdiction.

 23 A-1516-16T1